Dear Representative Theriot:
You raise the following legal issues for our resolution.
 1. Speed Zones Signs: Is it illegal to place a sign in the middle of a highway, in the vicinity of a school, to give warning to a speed zone. What is the penalty for violation and who would be cited?
 2. Conspiracy: If, in fact it is illegal for the police to issue tickets resulting in the payment of fines, the proceeds of which will be used to pay the salary of the police, can the Mayor and Board of Aldermen be cited for conspiracy for discussing with the Police Chief how much must be collected in fines and placed in the town's general fund before an additional policeman can be added to the police force. If this constitutes conspiracy, who could be cited, and what is the penalty for such?
LSA-R.S. 32:41 reserves to local authorities the power to regulate the flow of traffic within their corporate limits under their general police power. If, however, a municipal ordinance purports to regulate the flow of traffic on state-maintained highways within the municipality, the ordinance must not "differ from" or be "in addition to" the provisions of state law. Municipalities may enact ordinances which "supplement" state law only with the written approval of the State Department of Transportation and Development. See A.G.Op. 86-33.
LSA-R.S. 32:41(C) provides, in pertinent part:
 C. Local municipal authorities also may adopt ordinances regulating traffic on state maintained highways within their corporate limits, so long as such ordinances do not establish regulations different from, or in addition to, the provisions of this Chapter and the regulations of the department and the commissioner adopted pursuant thereto. In addition, local municipal authorities may adopt ordinances which supplement the provisions of this Chapter and regulations of the department and commissioner adopted pursuant thereto but only after such ordinances have been approved in writing by the department. However, the municipal ordinance may provide for such penalties as are consistent with the authority granted by the local municipal charter or state statute under which the municipal government operates and the penalties imposed need not be necessarily be consistent with the penalties provided by Section 57 of this Title.
 Furthermore, local municipal authorities may adopt by reference, all or any of the provisions of this Chapter and/or regulations of the department and commissioner adopted pursuant hereto with respect to any highways within their corporate limits.
Pertinent to your first question are regulations 7B-5 through 7B-9 of the Manual, providing:
7B-5 Illumination and Reflectorization
 Ordinarily the signs used for school area traffic control shall be reflectorized or illuminated when regularly scheduled classes begin or end during hours of darkness, and should be reflectorized or illuminated when there is a considerable use of school buildings by children during hours of darkness.
 7B-6 Position of Signs
 Signs should be placed in positions where they will convey their messages most effectively without restricting lateral clearance or sight distances. Placement therefore should be accommodated to highway design, alignment and roadside development. Signs should have a maximum practical lateral clearance from the edge of the traveled way for safety of vehicles that may leave the roadway and strike the sign supports. Normally signs should not be closer than 6 feet from the edge of a paved shoulder, or if none, 12 feet from the edge of the traveled way.
 In urban areas, if the lateral clearances indicated in the preceding paragraph are not practicable, a lesser clearance may be used (not less than 2 feet from the face of a curb). In urban areas, where sidewalk width is limited or existing poles are close to the curb, a clearance of 1 foot from the curb face is permissible.
 Portable school signs shall not be placed within the roadway at any time.
 7B-7 Height of Signs
 Signs erected at the side of the road in rural districts shall be mounted at a height of at least 5 feet measured from the bottom of the sign to the level of the roadway edge. In business, commercial and residential districts where parking or pedestrian movement is likely to occur or where there are other obstructions to view, the clearance to the bottom of the sign shall be at least 7 feet.
 7B-8 Erection of Signs
 Normally signs should be mounted approximately at right angles to the direction of, and facing, the traffic that they are intended to serve.
 7B-9 School Advance Signs (S1-1)
 The School Advance sign is intended for use in advance of locations where school buildings or grounds are adjacent to the highway. It may also be used in advance of established school crossings not adjacent to a school ground. The School Advance sign shall be used in advance of any installation of the S2-1 School Crossing sign.
 Where used, the sign generally shall be erected not less than 150 feet nor more than 700 feet in advance of the school grounds or school crossing. The sign shall have a minimum height and width of 36 inches in rural areas, and 30 inches in urban areas.
This office cannot speculate as to the validity of the municipal ordinance in the instant matter, as we have not been provided with any copies of said ordinance; however, suffice it to say that the ordinance must be in conformity with the regulations quoted above.
As to your second question, "conspiracy" is a criminal act defined by LSA-R.S. 14:26 and requires the agreement of two or more persons to commit an act defined as a crime. An ordinance adopted in violation of state law is not necessarily a criminal act on the part of the enactors. The more appropriate response to your second question may involve an examination of the criminal act of malfeasance in office as applied to your factual situation. See LSA-R.S. 14:134.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Honorable Mitchell Theriot Representative P.O. Box 308 Lockport, LA 70374
Date Received: November 2, 1994
Date Released: November 10, 1994
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL